IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jahgen De Jesús-Calcaño, personally and on behalf of minor FBDJ,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico, and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 24-cv-01519<br><br><br>Attorney's Fees and Costs pursuant to<br>20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1. This is an action for attorney's fees and costs brought by Mrs. Jahgen De Jesús-Calcaño, personally and on behalf of her minor son, FBDJ.

2. FBDJ is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a

Verified Complaint
Case No. 24-cv-01519

disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

**PARTIES**

6. Plaintiff Mrs. Jahgen De Jesús-Calcaño is the mother and legal custodian of minor FBDJ. See **Exhibit #1**, Unsworn Statement under Penalty of Perjury signed by Jahgen De Jesús-Calcaño on November 6, 2024.

7. Plaintiff FBDJ is a four (4) year old boy born on January 10, 2020, who is diagnosed with autism, condition that requires specialized education and related services to be able to receive a free appropriate public education.

8. FBDJ resides with his parents in the Municipality of Río Grande, Puerto Rico, with the following physical and postal address: 135 Portales de Río Grande, Río Grande, P.R. 00745.

Verified Complaint
Case No. 24-cv-01519

9. FBDJ is duly registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities with registration number 35326269 and is registered in the PRDOE's Río Grande District, Humacao Region.

10. As a child with disabilities, FBDJ is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PRDOE.

11. Plaintiffs seek that this Honorable Court order defendants to provide the attorney's fees and costs entitled to them as prevailing parties in administrative case number QEE-2324-13-05-01466, as well as those incurred in the prosecution of the instant action.

12. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13. As a recipient of federal funding under the IDEA, the PRDOE is responsible for providing a free appropriate public education suited to the individual needs of minor FBDJ, a child with disabilities.

14. The physical address of the PRDOE is Urbanización

Verified Complaint
Case No. 24-cv-01519

Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, Jesús T. Piñero Avenue Corner, San Juan, P.R., 00918, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

### STATEMENT OF THE CASE

17. On May 9, 2024, plaintiffs filed administrative due process complaint number QEE-2324-13-05-01466, asserting that the PRDOE had failed to provide FBDJ with a free appropriate public education (FAPE) for the 2023-2024 and 2024-2025 school years.

18. Plaintiffs requested an order mandating the development of an IDEA-compliant Individualized Education Program (IEP) and placement in the least restrictive environment for the 2024-2025 school year, along with an individual T-1 teaching assistant, multiple related services, compensatory education, reimbursement for all tuition and teaching assistant expenses incurred during

4

Verified Complaint
Case No. 24-cv-01519

the 2023-2024 school year, and a certified copy of FBDJ's complete academic record.

19. The case was presided by hearing officer Marie Lou De la Luz-Quiles, Esq.

20. During the administrative due process proceedings, the parties entered into a partial settlement agreement concerning the placement of FBDJ at a private school for the 2024-2025 academic year, at public cost.

21. However, the dispute over Plaintiffs' claim for full reimbursement of tuition and costs for a teaching assistant incurred during the 2023-2024 school year remained unresolved.

22. This ongoing controversy required a full administrative trial, held on September 5, 2024, and led to the subsequent filing of dispositive motions and legal memoranda.

23. On October 28, 2024, hearing officer De la Luz-Quiles issued a final resolution and order in plaintiffs' favor, directing the PRDOE to reimburse FBDJ's parents for all costs incurred during the 2023-2024 school year, including tuition and teaching assistant services.

24. The resolution issued by ALJ De la Luz-Quiles in case number QEE-2324-13-05-01466 has not been appealed by the PRDOE and, as a result, will become final and binding.

Verified Complaint
Case No. 24-cv-01519

25. Given that plaintiffs obtained the relief requested in the due process complaint, thereby establishing their status as the prevailing party, IDEA's section 1415(i)(3)(B) entitles them to recover attorney's fees and costs incurred in the administrative proceeding, as well as all additional fees and costs associated with the present litigation.

## CAUSE OF ACTION

26. Plaintiffs re-allege and incorporate paragraphs 1 through 25 of this Verified Complaint.

27. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i).

28. The relief requested in the administrative proceeding was granted by the hearing officer, making plaintiffs the prevailing party in such proceeding. Consequently, plaintiffs are entitled to attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

29. Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number QEE-2324-13-05-01466, along with all additional fees and costs to be incurred

6

Verified Complaint
Case No. 24-cv-01519

throughout the present litigation until its final resolution.

30. Attached to this Verified Complaint is a detailed invoice for the legal services provided up to date by plaintiffs' counsel in administrative proceeding number QEE-2324-13-05-01466, and in the preparation and filing of the instant case complaint. See **Exhibit #2**, invoice number 16547.

31. All costs itemized in Exhibit #2 were necessarily incurred in the successful prosecution of administrative proceeding number QEE-2324-13-05-01466, and in the preparation and commencement of this civil action.

32. The hourly rate charged for the services provided by the undersigned attorney is $165.00 per hour, charged in increments of one tenth of an hour (.10).

33. The undersigned counsel's previous $150.00 hourly fee was recently raised by ten percent to $165.00 due to the current inflationary period and substantial increase in the costs of living and doing business in Puerto Rico.

34. This ten percent increase is in line with inflation and with the increased experience and years of service of counsel Vizcarrondo in special education litigation in Puerto and should therefore be held reasonable and appropriate.

35. The undersigned attorney's previous $150.00 hourly rate

7

Verified Complaint
Case No. 24-cv-01519

was set at the onset of the last decade (2010) and was consistently held reasonable and appropriate by this Honorable Court during the last decade for special education litigation in Puerto Rico. See, Ortiz-Cardona v. Department of Education of Puerto Rico, No. 15-3121 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Cintrón-Marzán v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Department of Education of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

36. The undersigned attorney is a sole practitioner with nineteen years of experience actively litigating civil cases in federal and state courts.

37. In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance and Management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

38. The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

39. The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-

Verified Complaint
Case No. 24-cv-01519

percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

40. On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

41. On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714) and, on September 13, 2004, to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

42. Since 2004, the undersigned has been actively litigating multiple cases in federal and state courts. In fact, as of this date the undersigned figures as counsel in reported cases from this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database

Verified Complaint
Case No. 24-cv-01519

such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis

Verified Complaint
Case No. 24-cv-01519

1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

43. For sixteen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums all over the Island, and in local and federal courts. See, e.g., Rojas-Mercado v. PRDOE, 2008-014-011, 2010-014-001; Delgado-López v. PRDOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PRDOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PRDOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PRDOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD).

11

Verified Complaint
Case No. 24-cv-01519

44. Plaintiffs' counsel has participated in three IDEA cases before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

45. Based on the educational and practical experience gathered by the undersigned attorney, the current inflationary period, and the current elevated cost of living and of doing business in Puerto Rico, the $165.00 hourly rate should be held reasonable by this Honorable Court.

46. Plaintiffs' counsel $165.00 hourly rate falls within the spectrum of the prevailing rates for attorneys in the legal community of Puerto Rico for specialized cases such as the one of caption.

47. Hourly rates of $200.00 and higher have been accepted by the Department of Education and ordered by this District Court in similar cases to the one at hand since the early 2000s. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (deeming as reasonable a $135.00 hourly rate for a Puerto Rico attorney twenty-five (25) years ago).

Verified Complaint
Case No. 24-cv-01519

48. The undersigned counsel's hourly rate of $165.00, billed in one-tenth (.10) increments, should be deemed reasonable considering counsel's extensive experience and proven track record in federal and state special education litigation.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor and hold defendants liable for the payment of the attorney's fees and costs incurred in the administrative due process proceeding, plus any additional fees and costs incurred in the prosecution of this action, as well as any other and further relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of November 2024.

*s/ Francisco J. Vizcarrondo Torres*
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, P.R. 00928-3102
Tel: 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com

13